IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY COLLINS, TRUSTEE OF THE L FINLEY FAMILY REVOCABLE TRUST, EFFECTIVE DECEMBER 27, 2022, PLAINTIFF, | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | |
| V. | | CASE NO. 3:26-CV-555-E-BK |
| ELITE EDGE MANAGEMENT GROUP, AND WELLS FARGO BANK, N.A., DEFENDANTS. | | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), this *pro se* civil case was automatically referred to the United States magistrate judge for pretrial management, including the issuance of findings and a recommended disposition when appropriate. Before the Court is *Plaintiff's Motion to Remand*, Doc. 7. As stated here, the motion should be **GRANTED**.

Plaintiff Johnny Collins, Trustee of the L. Finley Family Revocable Trust, originally filed this action in state court seeking declaratory and injunctive relief against Elite Edge Management Group, LLC ("Elite Edge") arising from its purchase of real property located at 1103 W. Saner Avenue, Dallas, Texas 75224 (the "Property"). Doc. 1-5 at 1-2. In December 2025, Plaintiff amended his petition to add Wells Fargo Bank as a defendant.[1] Doc. 1-10 at 1-2. The First Amended Petition alleges that Wells Fargo wrongfully foreclosed on the Property, resulting in a foreclosure sale on October 7, 2025. Doc. 1-10 at 8. Plaintiff further alleges that Elite Edge

---

[1] *Johnny Collins, Trustee of the L Finley Family Revocable Trust, Effective December 27, 2022 v. Elite Edge Management Group, LLC, et al.,* No. DC-25-20658.

purchased the Property at the sale, and, on October 24, 2025, a substitute trustee's deed purported to convey the Property to Elite Edge. Doc. 1-10 at 8. Based on these allegations, Plaintiff seeks injunctive relief to prevent further conveyance of the Property, as well as declaratory relief and an order quieting title. Doc. 1-10 at 8.

On February 19, 2026, Wells Fargo timely removed the case on the basis of diversity jurisdiction under 28 U.S.C. § 1332(a). Doc. 1 at 3. In its Notice of Removal, Wells Fargo asserted that the amount in controversy exceeds $75,000 and that complete diversity exists because it is a citizen of South Dakota and Plaintiff is a citizen of Texas. Doc. 1 at 3-4 (citing 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that national banking associations are deemed citizens only of the state in which its main office is located, as designated by its articles of association)). Wells Fargo further contended that Elite Edge's citizenship was "irrelevant for diversity purposes" because it had not been properly served in the state court action. Doc. 1 at 4.

Plaintiff moves to remand, arguing that Elite Edge is a Texas citizen whose presence defeats complete diversity, regardless of whether it had been served at the time of removal. Doc. 8 at 5. Elite Edge agrees that its citizenship must be considered and does not oppose remand. *See* Doc. 7 at 7; Doc. 10 at 1, 7. Although Wells Fargo initially opposed the requested relief, *see* Doc. 7 at 7, it has since filed a *Notice of No Opposition,* in which it concedes that complete diversity is lacking irrespective of the status of service. Doc. 12 at 1.

The Court agrees. When removal is based on diversity jurisdiction, "the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service." *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998); *see also Bingabing v. Estate of Warren*, No. 3:20-CV-951, 2020 WL 3639662, at *3 (N.D. Tex. July 6,

2020) (Boyle, J.) ("[W]hether a defendant is served or unserved is irrelevant for jurisdictional purposes."). Because Plaintiff and Elite Edge are both Texas citizens, complete diversity is lacking, and this Court lacks subject matter jurisdiction.

Accordingly, *Plaintiff's Motion to Remand*, Doc. 5, should be **GRANTED** as unopposed, and this case should be **REMANDED** to the 191st Judicial District Court of Dallas County, Texas.

**SO RECOMMENDED** on April 23, 2026.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).